CROWELL et al. v. KNOL et al.

No. 34642. July 11, 1950.

*220 P. 2d 444.*

---

Robert Burns and Andrew Fraley, both of Oklahoma City, for plaintiffs in error.

Gilliland, Withington & Shirk, of Oklahoma City, for defendants in error.

ARNOLD, V. C. J. This is an action in mandamus to require the city clerk of the city of Britton to submit by referendum Ordinance No. 75-C of said city to a vote of the people.

The pertinent and undisputed facts are: The city council of Oklahoma City adopted a resolution requesting the consolidation of the cities of Britton and Oklahoma City setting forth therein the conditions upon which the invitation was based; after the receipt of a copy thereof the city council of Britton adopted Ordinance No. 74-C authorizing a special election to be held on February 21, 1950, for the purpose of submitting to a vote of the qualified electors of Britton the proposition received from Oklahoma City; thereafter, and on January 23rd, the mayor of Britton issued a proclamation calling for an election on the proposal and on the date set forth in Ordinance No. 74-C, to wit: February 21st, the election proclamation was published as provided by law; the condition upon which the invitation of the city of Oklahoma City was made was the proposition proclaimed by the

mayor to be determined at the polls and which appeared on the ballot and was voted upon, to wit:

"Shall the City of Britton, Oklahoma, a municipal corporation, consolidate with The City of Oklahoma City, Oklahoma, a municipal corporation, the name of the consolidated municipal corporation to be the City of Oklahoma City: the prior existing obligations of each of said cities to be merged and spread against all of the property, real, personal and intangible, within the corporate limits of the consolidated municipal corporation aforesaid; and the ordinance of consolidation to be enacted by the Council of The City of Britton, Oklahoma, not later than sixty days after the election held on this proposition, thus extinguishing the corporate existence of said City of Britton, Oklahoma, on or before said date."

The election was held as provided by Ordinance No. 74-C and the proclamation therefor and the foregoing proposition was adopted by a vote of the people; thereafter, and on February 28th, the city council of Britton adopted Ordinance No. 75-C declaring the consolidation to be effective on March 31, 1950; thereafter the referendum petition was filed with the city clerk and mayor of Britton; thereafter, and on April 4th, Oklahoma City adopted Ordinance No. 6351 accepting the terms of the consolidation.

The district court refused to issue a writ of mandamus, holding that Ordinance No. 75-C was not subject to the referendum. The trial court did not specifically state the exact reason for so holding.

No contention is made that the procedure established for the consolidation of adjacent municipalities by 11 O. S. 1941 §§3 to 5 was not followed.

The judgment of the district court is said to be erroneous for two reasons: (1) the election, though necessary to effect consolidation, was invalid because Ordinance 74-C authorizing the calling of said election was not in effect at the time the election proclamation was issued, and, (2) Ordinance 75-C constitutes municipal legislation and is subject to the referendum provisions of the Constitution and statutes.

Under their first proposition it is argued that Ordinance No. 74-C authorizing and directing the mayor of the city of Britton to proclaim a special election to be held on the 21st day of February, 1950, for the purpose of determining whether or not the proposition of Oklahoma City should be accepted and consolidation of the two cities effected, was not in effect because 30 days had not expired since the adoption and approval of said ordinance when the proclamation was issued.

The proclamation was issued before 30 days had expired after the adoption and approval of the ordinance which did not have the emergency clause attached though the publication notices were run and the election was held after the expiration of 30 days from said date. The thirty-day requirement, in the absence of the emergency clause, has no application to such preliminary proceedings in the submission of the primary question to the voters for their approval or rejection. Board of Education of the City of Ardmore v. State ex rel. Best, 26 Okla. 366, 109 P. 563; City of Coalgate v. Gentilini, 51 Okla. 552, 152 P. 95.

All parties correctly concede that the right of referendum is reserved to municipalities by art. 5, §5, and art. 18, §4, of the Constitution. It is also conceded by the parties that these provisions of the Constitution are not self-executing. It is also conceded by the parties that the right of the exercise of the referendum by municipalities was implemented by 34 O. S. 1941 §51 and same is still in effect.

11 O. S. 1941 §3 provides:

"Whenever the city council or board of trustees of any municipal corporation shall, by resolution, or whenever the resident citizens liable to pay a majority of the taxes of such citizens

assessed, as shown by the last preceding tax roll of the county, on the property, both real and personal, situated within the boundaries of such municipal corporation, shall by petition, ask of the city council, of any adjacent city, or the board of trustees of any adjacent town, for a consolidation of such adjacent municipal corporations, setting forth the terms of such consolidation, it shall be lawful for the said city council, or board of trustees so addressed, after having first submitted the question of such consolidation and the terms and conditions thereof, to a vote of the qualified electors of such corporation, and, a majority thereof having voted in favor of such consolidation, by ordinance, to consolidate such adjacent municipal corporations, so passing such ordinance of consolidation, upon the terms and conditions of the question so submitted as aforesaid."

This is a special statutory provision outlining the procedure to be followed by adjacent municipal corporations to effect consolidation. It requires an invitation by the city council of one city to the city council of an adjacent city to become a part of the inviting municipality. The council of the invitee municipality may by ordinance consolidate the invitee municipality with the municipality requesting the consolidation if the question of such consolidation and the terms and conditions thereof are submitted to the qualified electors of such corporation and the vote favors consolidation. A vote authorizing the adoption of an ordinance of consolidation is an absolute necessity under this section.

After the election was held on the date proclaimed and the qualified electors of the city of Britton had approved the consolidation on the terms and conditions prescribed by 11 O. S. 1941 §3 by a majority vote the city council of said city adopted Ordinance No. 75-C and it was approved. The terms and conditions of the consolidation therein provided are in accordance with those approved by the voters at the election. It is not contended otherwise.

The procedure provided by section 3, supra, constitutes a special referendum of the question of consolidation of two adjacent municipalities upon the terms and conditions prescribed by the inviting city and supersedes the general statutory provision on the subject (34 O. S. 1941 §51). It provides a complete referendum of the question of consolidation, on the terms and conditions prescribed, to the voters of an adjacent municipal corporation. An ordinance passed by such a municipality to effect the will of its qualified electors expressed at a valid election held therefor is not subject to reference to the voters thereof. Such an election would in effect be a referendum upon an election. The right of referendum does not contemplate any such action. North v. McMahan, 26 Okla. 502, 110 P. 1115; Board of Education of the City of Ardmore v. State ex rel. Best, supra.

Writ denied.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.